May it please the court, counsel, I'm Anna Tolan, here on behalf of Tyrone Davis. I would request four minutes for rebuttal. On behalf of Mr. Davis, I'm here again before this court not to ask that Mr. Davis be relieved of paying for his crimes, but to ask that this court ensure that his prison sentence is just and legal. This court does have jurisdiction to review the 18-year sentence, which must be reversed on grounds of both procedural and substantive unreasonableness. Now, before you get too far along, I'm understanding that you're conceding that there's no merit to the argument that the district court failed to properly calculate the base offense level. That is correct. I'm conceding that the former guidelines should apply only to the guideline calculation, however, not that that adjustment to the guidelines should not have been more adequately considered by the district court in fashioning a reasonable sentence. I would like to turn your attention to the breach issue in this case, because I think that it is a critical point, and the United States has made no viable argument to overcome the requirement that their clear breach of the plea agreement at resentencing should not require reversal and resentencing before a new district court judge in this case. The plea agreement in this case clearly stipulated to a quantity of drugs. That language in the agreement was repeated to Mr. Davis. He was asked if he understood and stipulated and relied upon that, and that information was induced to get him to enter into this plea agreement. The government was duly warned. We made repeated objections at resentencing that if they intended to promote evidence and urged the court to consider that evidence, that there were additional quantities of drugs involved in this offense or prior to this offense, that that would be an improper breach. And, in fact, they did so. Completely throughout the hearing, they elicited that information. As they never receded in any way from the amount of time that led on the period in custody, what they did do was respond to what was on the table, which was whether there should be an adjustment for managerial or supervisorial authority, and to your pitch that the crack cocaine disparity should be factored into the district judge's overall sentence calculus. So in what respect is that a breach? Your Honor, it is a breach because their response to those arguments did not have to include evidence of other drug quantities that they previously promised they were not applicable or relevant to the case or the sentencing in any way. For them to come back and violate the clear term of that plea by indicating that the court should consider now, in particular, that the court should look at, well, probation, you know, previously said there were more drugs involved. And that conduct is specifically, under Boatner and numerous decisions by this court, is specifically prohibited when the agreement says we stipulate to this amount. And that's what is used. I guess my suggestion is that it appears that the government did not back off of the drug quantity that was relevant for calculating the 18-year sentence. I mean, the guideline sentence, sentencing range without adjustment, didn't back off of, did it? The government continued to say that a level 34 should be the base offense level. Yes. And that had a particular quantity of drugs which was consistent with the plea agreement. Under the prior guidelines, that is correct. Okay. Under the applicable guidelines. You've now agreed. I agree that they're applicable to the initial guideline calculation, yes. Yeah. Okay. So it didn't recede from that. So what it did do was to use the span of time and the likely significance of the amount of drugs to say that this guy was a bigger cheese than you wished him to be. Your Honor, I believe that they went beyond that. Because they did not solely argue the drug quantity for purposes of the leadership role. And even if they had, I think it was improper. I objected to that initially. Because there is prejudice. Even though they stuck to a 34 of a guideline level, the guidelines are not what is supposed to drive this decision entirely. Is there a case that you can cite to me that suggests that even if there's been a breach of the agreement, such a breach is reversible error when they don't argue for an increased penalty? I think that the cases that we've cited, in particular Boatner. Is Boatner your best case? I'm not sure it's the best case, Your Honor. I mean, my worry is this. I agree with my colleague. If the evidence was offered at all, it seemed only in support of the plea agreement which was entered into. And so therefore, I struggled to find a case that said, if this was a breach, and I'm giving you the credits, supposing it is, would it be reversible error as long as they're not arguing for an increased penalty? And I couldn't find the case. I don't, Your Honor. I don't. I will look at my cases in more detail during my break. But I think the important thing to point out here is that the district court judge had discretion to sentence. And all of these factors come into that discretion of sentencing. And the government used those facts that they previously stipulated and promised that they would limit themselves to, used those facts in their overall arguments repeatedly to, and there is no way for us to know to what degree that prejudiced the defendant before the district court. But you do agree they never argued for an increased penalty different than what they agreed with you to do. The only part of the plea agreement, if breached at all, was to suggest that the level of the drugs was higher than what they'd agreed the level of the drugs would be. That's the best you can come up with. But in any event, as my colleague has questioned, it very well could be suggested that this was never in an attempt to do anything except that the plea agreement that the parties had entered into would be accepted. But there was no reason for them then to argue additional drug quantities when the, with regard to that offense level because that offense level was supported by the quantity stipulated to. In particular, the prosecution in this case also declined to utilize the retroactive amendment, which they had done for other clients. So there is additional prejudice in that. Let me ask you a question. And this goes to whether he was a lead supplier in the drug distribution conspiracy. Isn't it true that your client pled guilty to being a member of a conspiracy? He did, Your Honor. Well, doesn't that then destroy your argument that he was merely selling the drugs within a stream of commerce? No, Your Honor. It does not because the fact that he. He pled that he was a part of the conspiracy. But being a part of a conspiracy does not mean that one is a leader organizer. And this court has repeatedly held that there has to be. Well, leader organizer maybe not, but simply, as I understood your argument, it was that he was merely selling within a stream of commerce. Which. Being a conspirator doesn't make him a mere seller within a stream of commerce. There are. This group was a loosely affiliated group of drug sales people. And he agreed to be part of that conspiracy and pled to that. But that does not eliminate the requirement that there needs to be specific factual findings of control over others, which was not found in this case. Well, if we're talking about fact findings to support the enhancement, U.S. v. Govons doesn't suggest that they need to make specific findings as you would suggest. Your Honor, there still needs to be sufficient evidence that he controlled or managed another person. And that is not the case in the underlying facts of this case. At this point, I would like to reserve my remaining time for rebuttal. All right. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Michael Morgan. I represent the government on this appeal. Given counsel's concession that the correct version of the guidelines were used in establishing the defendant's base offense level, I frankly do not understand their argument that the government in any way breached this plea agreement. The government has repeatedly urged that the defendant be held responsible for the quantity of drugs stipulated in the plea agreement. They've never urged that the court in establishing the defendant's base offense level take into account any drugs other than the stipulated quantity in the plea agreement. The government simply cannot breach a plea agreement by asking the district court to honor it. And that is all that happened here. While there was, of course, at the sentencing hearing, evidence of additional quantities of drugs, that was introduced simply to respond to the argument that the defendant did not have a managerial or supervisory role. And since his role in the organization was as the organization's supplier, for the government not to introduce that evidence, evidence namely that he supplied large quantities of drugs to other conspirators, would have hamstrung the government's ability to respond to this court's remand order. With respect to the... What was the additional evidence after the remand order? What did you offer specifically in response to the remand order? Oh, well, in response to the remand order, we produced evidence that the defendant, since essentially the gang's inception in 2000, that he was one of the founding members of the gang, and that his role was that when he took over the leadership role in 2003, his role was one of the two lead suppliers of the cocaine that the gang sold as cocaine base. Essentially, he had the Mexican connection that brought in the raw cocaine. He processed that cocaine into the cocaine base and then distributed it to the lower level sellers. So since that's his role in the conspiracy, evidence of his trafficking in those quantities of drugs is relevant to that purpose. Again, the government never urged the district court to take into account those additional quantities in establishing his base offense level for purposes of the guidelines. Nor did the court... Nor did the government ask the court to take that quantity into account in setting the defendant's sentence. The government has repeatedly urged the district court to impose the negotiated sentence, a sentence that I must point out, the district court had no discretion not to impose. If it had... If the court had utilized a different sentence, that would have breached the agreement itself. Is that right? That is correct. This was an 11C1C plea agreement. The government never backed off the 11C1C nature of that agreement. The district court recognized at the resentencing that if it were to exercise its discretion and sentence to a different range, that the government would have the ability to withdraw. The government's ability to withdraw in that instance is the very nature of an 11C1C plea agreement. So there simply was no sentencing discretion for the court to exercise in this case. But the fact is that the court did reduce the participation level of the defendant in this case. That is true. From leader to what? To manager? From supervisor to manager? From leader to manager to supervisor. The government would suggest that in essence... Does that suggest to you then that the court should have reduced the sentence overall? No, Your Honor. The court made very clear that regardless of whether the defendant was characterized as an organizer or leader or a manager or supervisor, that the 18-year sentence was a fair and reasonable sentence that he would impose regardless. He accepted the plea agreement. He felt that it was a fair and just sentence. Having accepted the plea agreement, again, the court simply had no discretion to sentence to anything other than the 18 years. The district court's guideline calculations, while mandated by the Supreme Court's broken decision, was essentially an empty exercise in this case. Once the... I mean, that's not... I suppose that's not entirely true. The court needed to assure itself that the plea agreement embodied a reasonable sentence. But once it did that, the sentence that's actually imposed is driven by the plea agreement. It's not driven by the guidelines calculations, which is why whether he... whether the district court decided to impose a three-point level or a four-point level, ultimately, when it decided the plea agreement was fair, that distinction was not relevant to the reasons of the sentence actually imposed. That totally supposes that if the district court had done anything but that, that the government would have said, well, we want to go to trial. That's true. Because, in effect, I've had a lot of Rule 11 agreements given to me, and I haven't believed in them at all. I've said baloney. This is what I'm going to do. And the court was, of course, free to reject the plea agreement and, at that point, allow the government the option to either accept what sentence the district court wanted to impose or to withdraw. But the point is the government would have had that choice. And to speculate whether or not the government would or would not have withdrawn, I suppose, depends on the nature of the sentence the district court wanted to impose. But the reality is it would have been the government's option. And, again, I think it's also important to note in that regard that the defendant isn't arguing that the court committed any error in accepting the plea agreement, which is kind of at odds with arguing that the sentence is unreasonable. I mean, under the facts of this case, that's the remedy the defendant should be asking for. And, technically, they're not. And I think that sort of highlights the implausibility of their argument. They want to have their cake and eat it, too. They want to cap the government at the ability to argue for 18 years, yet they want to be able to argue for whatever they want, have the district court accept that, and have the government's hands be tied. Well, that's just not the agreement that was negotiated, and that would be patently unfair to the government. Unless the court has any other questions, I'm content to rest my brief for the remaining appointments. Thank you, Your Honors. I think we have no other questions. Thank you. Thank you. Thank you, Your Honors. Two points I would like to make. First of all, with all due respect, Mr. Morgan and I have a fundamental disagreement with regard to the nature of this plea agreement. In the record at ER 6-7, the transcript of the underlying sentencing specifically says that it is the defendant's understanding with the fact that the prior U.S. attorney, Mr. Lang, has confirmed that this case is no longer the same 11C1C agreement that was originally negotiated, that Mr. Davis can recommend anything below the 216 months, and that that is the court's discretion to sentence below that. Whether or not the government was going to choose to withdraw from the plea is irrelevant to the court's discretion and the importance of the court exercising that discretion under the law that has been established. And in this case ---- Did you believe the agreement at that point to be you could argue for whatever you wanted, but the government had to stick with the agreement? Yes. The government had to stick with the agreement to the extent as to the cap on their recommendation. Why if you could withdraw and argue anything you wanted? It was not a withdrawal from the agreement, Your Honor. The government and the defense made an agreement that they would allow the defense to ask for a lower sentence and give the court the discretion to sentence, and at that point the parties, the government could make a decision what to do. So another modifying agreement allowed you to do what you had to do, but the government was stuck. It was an oral amendment to the agreement that allowed that, yes. And the government duly negotiated and agreed to that, and that was adopted by the government at the initial sentencing, at the resentencing, and quite frankly on the initial appeal in this case. All right. Thank you very much for your argument. Thank you. Case 09-30292, United States v. Davis, is submitted.
judges: Hart, Rymer, Smith N. R.